UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re: DAVID W. WAGNER                                                          18-10071
                                                                                Chapter 7

STACY B. FERRARA, TRUSTEE

VS.                                                                             A.P. 19-AP-01010

DAVID W. WAGNER

OBJECTION TO MOTION TO QUASH

    Now comes Stacy B. Ferrara, the Chapter 7 Trustee, and hereby objects to the Motion to Quash filed by Pawtucket Credit Union ("Motion") in response to a subpoena issued by the Trustee for bank records in the above-captioned matter ("Objection"). In support of said Objection the Trustee hereby avers as follows:

1. On or about January 7, 2018, David W. Wagner ("Debtor") filed a voluntary Chapter 7 proceeding with this Honorable Court.

2. Following several §341 meetings conducted by the Trustee and the review of voluminous bank records obtained through subpoena, the Trustee filed an adversary proceeding on or about March 29, 2019 against the Debtor objecting to his discharge pursuant to §727 of the Bankruptcy Code at A.P. 19-AP-01010.

3. The Trustee has obtained bank records through subpoenas from Citizens Bank, Silicon Valley Bank, J.P. Morgan Chase and UBS Financial ("Records") which reflect many payments made to Pawtucket Credit Union ("PCU") by Debtor, and by at least 2 separate corporate entities and a trust, owned or controlled by Debtor (Wagner Family Real Estate Partners, Hanover Square Management and the Wagner Family Education Trust) pursuant to an alleged financing transaction for a vehicle which, upon information and belief, is alleged by Debtor to be owned by the Debtor's daughter, Jacqueline Wagner.

4. Said Records further reflect a course of conduct whereby Debtor would regularly direct the transfers of funds between a number of accounts held in the names of the Debtor personally, his Wife, family members and or his various corporate entities, to PCU or to for the benefit of the Debtor and or his family members.

5. The Trustee recently conducted a deposition of the Debtor's wife, Mrs. Carol Wagner ("Mrs. Wagner") on or about May 15, 2019. Mrs. Wagner identified said payments made to PCU as:

    a. For the Jeep. [Jacqueline's] Jeep. (See Exhibit B, p. 58-59, ¶¶21-25; 1-9)
    b. A payment on Jackie's car loan. (Id. p. 66, ¶¶ 19-25)
    c. [F]or Jackie's Jeep. ((Id. p. 84, ¶¶ 17-23)

6. The Debtor utilized personal and/or corporate funds to make payments to PCU, to or for the benefit of his family members within the 12 months prior to the Chapter 7 filing, which payments were not disclosed on Debtor's original Schedules or Statement of Affairs.

7. The information sought in the subpoena issued to PCU, requests loan documents, credit application, title information and full payment history for said financing transaction in the name of Jacqueline Wagner.

8. Only after sharing Records with Debtor's counsel and raising the "payments to PCU" issue at §341 meetings, in the Adversary Proceeding Complaint and during the recent deposition of Mrs. Wagner conducted on 5/15/19, Debtor disclosed by way of amendment to his Schedules and Statement of Affairs, dated 5/23/19 (Doc #309), that payments were made by him and or through corporate bank accounts controlled by him, to PCU for his family member.

9. Despite the Trustee's requests to the Debtor and Jacqueline Wagner for their consent for PCU to release the subpoenaed records, the Debtor and Jacqueline have refused to cooperate with the Trustee.

10. PCU's Motion relies upon the Gramm-Leach-Bliley Act.

11. "The Gramm-Leach-Bliley Act prohibits financial institutions from 'disclosing to a nonaffiliated third party any nonpublic personal information[,]' 15 U.S.C. §6802(a), except when certain exceptions apply, among them "to respond to judicial process[,]" id §6802 (e)(8)." See Loef v. First American Title Insurance Company, 2012 WL 95305 at *1.

12. Insofar as the subpoena issued to PCU by the Trustee is in the context of a Bankruptcy proceeding of the Debtor and an active Adversary Proceeding brought by the Trustee against the Debtor, it meets the exception codified at 15 U.S.C. §6802 (e)(8). Id.

13. The Trustee's request for documents from PCU is part of her continued review and analysis of the financial affairs of the Debtor, specifically with regard to numerous transfers made by or at Debtor's direction to PCU for an auto loan for a vehicle alleged

      owned by Debtor's daughter, for which Debtor has no legal obligation to pay and failed to disclose in his initial bankruptcy filings.

14. The Trustee will maintain confidentiality as to social security, bank account, phone and other information identified within the PCU documents to be received from PCU.

WHEREFORE, the Trustee requests that Pawtucket Credit Union's Motion to Quash be denied and that the bank records as requested be presented to counsel for the Trustee within seven (7) days of hearing on the within matter.

                                      Respectfully submitted,
                                      Trustee Stacy Ferrara
                                      by and through her attorney,

                                      /s/ Peter J. Furness, Esq.
                                      Richardson, Harrington & Furness
                                      182 Waterman Street
                                      Providence, RI 02906
                                      401-273-9600
                                      Peter@RHF-LawRI.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the within Objection was sent via email to the following on this 18th day of June, 2019.

| | |
|---|---|
| Russell Raskin Esq. | Russell@raskinberman.com |
| Stacy Ferrara, Esq. | SFerrara@ndgrb.com |
| Joel Votolato, Esq. | Joel@gbdvlaw.com |

                                      */s/ Kristen Oscarson*