UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STACY B. FERRARA | Chapter 7 |
| Trustee | BK No. 18-10071 |
| VS. | AP Case No. 19-01010 |
| DAVID W. WAGNER | |
| Debtor/Defendant | |

# MOTION FOR STAY OF ADVERSARY PROCEEDINGS

### Preliminary Statement

The Debtor/Defendant ("Debtor") has been served with documents relating to two civil enforcement proceedings of the Securities and Exchange Commission ("SEC"), in New York and in Massachusetts, and a criminal proceeding in the Southern District of New York, as follows:

1. Securities and Exchange Commission v. David Wagner, Mark Lawrence, Downing Partners, LLC, Downing Investment Partners, LP, and Downing Digital Healthcare Group, LLC: C.A. No. 19-civ.-5570, (D.C.S.D.N.Y). (Exhibit A)

2. Massachusetts Securities Division, C.A. No E-2015-0171. (Exhibit B)

3. United States v. David Wagner, 19 Cr. 437 (AKH) (S.D.N.Y.). (Exhibit C)

The gravamen of these actions are inextricably interwoven with the various adversary proceedings in the Bankruptcy Court. These adversary proceedings are, by and large, filed by the same creditors involved in the criminal and securities matters, and the objection to discharge filed by the Trustee also draws on the same legal and factual circumstances. Upon consultation with criminal defense counsel in New York, this motion is being filed to request that the within adversary proceedings be stayed for a reasonable period of time in order for criminal counsel to ensure that the Debtor's constitutional rights are not impaired by further proceedings or discovery in the Bankruptcy Court. The factual and legal basis for this motion is set forth below.

### Argument

The motion seeks a stay of the Debtor's adversary proceedings in order to protect his right against self-incrimination under the Fifth Amendment to the United States Constitution. The factors courts consider in determining whether to impose such a stay weigh strongly in support

of delaying the bankruptcy proceeding. *See generally In re SK Foods*, *L.P.*, 2010 WL 5136189, at **5-6 (E.D. Cal. Dec. 10, 2010) (reversing Bankruptcy Court's denial of a stay pending resolution of a related criminal matter).

On June 12, 2019, a five-count criminal indictment was filed in the Southern District of New York charging Mr. Wagner with securities and wire fraud. *See United States v. David Wagner*, 19 Cr. 437 (AKH) (S.D.N.Y.). Counsel was appointed for Mr. Wagner on June 26, 2019, after which Mr. Wagner was presented and arraigned on the indictment.

The bankruptcy proceeding is inextricably intertwined with the charged criminal case. In broad strokes, the indictment alleges that Mr. Wagner engaged in a scheme to defraud a number of employee-investors through entities including: Downing Partners, LLC; Downing Investment Partners, LP.; Downing Digital Healthcare Group, LLC; Downing Medical Device Group, LLC; Downing Health Technologies, LLC; 3si Systems, LLC; Cliniflow; and Hanover Square Partners, LP. Based on conversations with the Assistant United States Attorneys who are prosecuting the case, as well as my review of documents from the bankruptcy case, the two proceedings are closely related: employee-investors are both alleged victims of the fraud *and* creditors in the bankruptcy proceeding, and Mr. Wagner's conduct in connection with these investments is the subject matter of both the civil and criminal matters.

While the Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings," *see Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1989), a court has the power to enter such a stay: "The power to stay a civil proceeding by reason of a pending criminal investigation is within a court's inherent discretionary power." *Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d 573, 575-76 (S.D.N.Y. 2001) (internal quotation omitted).

In determining whether a stay is appropriate, courts consider a number of factors, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, and thus the extent to which the defendant's fifth amendment rights are implicated; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiffs interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *See In re Global Protection USA, Inc.*, 2015 WL 194198, at *2 (Bankr. D.N.J. Jan. 13, 2015).

When a criminal investigation has ripened into an indictment, "the weight of authority in [the Second Circuit] indicates that courts will stay a civil proceeding." *In re Marceca*, 131 B.R. 774 (1991). As then-District Judge Lynch observed:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even

> the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest. Moreover, if the potential prejudice to the defendant is particularly high post-indictment, the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution."

*Sterling Nat. Bank*, 175 F. Supp. 2d. at 577 (citing the Speedy Trial Act, 18 U.S.C. §§ 3161-74); *see also In Re SK Foods*, 2010 WL 5136189, at *5 ("Permitting simultaneous proceedings may seriously undermine the ability of a person presumed innocent to defend himself and may provide the prosecution an undue advantage.").

Here, there is a clear overlap between the bankruptcy proceeding and the criminal case: the alleged victims of the charged fraud are among the creditors here, and Mr. Wagner's conduct, both individually and in connection with the entities listed above, is the crucial subject matter of both proceedings. Mr. Wagner's Fifth Amendment rights will be "implicated any time that he testifies or responds to discovery requests that are admissible to prove that he engaged in the conduct alleged in the indictment." *In re SK Foods*, 201 WL 5136189, at *7. Under these circumstances, continuing the bankruptcy proceedings while the criminal case is pending will seriously undermine Mr. Wagner's ability to defend himself. Accordingly, the bankruptcy proceedings must be stayed.

Summary of Overlapping Allegations of the SEC, Indictment and Adversary Proceedings

1) Misappropriation of funds.

    Indictment Proceedings: 19 CR 437; Paragraphs #2, 4,17,22,28

    Trustee Objection Discharge; AP Case No. 19-01010: Paragraphs #37, 88-104, 113-142, 156-161

    Adversary Proceedings (e.g.) Hilderbrand AP Case No. 18-01035: Paragraphs #43, 45

2) False or misleading information.

    Indictment Proceedings: 19 CR 437; Paragraphs #2,3,4,17,26,27,31,32

    Trustee Objection Discharge; AP Case No. 19-01010: Paragraphs #62, 48-56, 80-83

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #31-42, 57-61

3) Conspiracy to induce investors.

    Indictment Proceedings: 19 CR 437; Paragraphs #1, 2, 4,5,17, 30

    Trustee Objection Discharge; AP Case No. 19-01010: Paragraphs #62, 48-56, 80-83

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #64-66, 73

4) Willful and purposeful withholding of material information.

    Indictment Proceedings: 19 CR 437; Paragraphs #3, 17

    Trustee Objection Discharge; AP Case No. 19-01010: General references throughout

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #47-50

5) Financial mismanagement.

    Indictment Proceedings: 19 CR 437; Paragraphs #4, 17, 22, 28

    Trustee Objection Discharge; AP Case No. 19-01010: Paragraphs #37, 88-104, 113-142, 156-161

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #43, 45

6) Companies having no prospects of genuine commercial success.

    Indictment Proceedings: 19 CR 437; Paragraphs #14, 23, 32

    Trustee Objection Discharge; AP Case No. 19-01010: General references throughout

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #44

7) Purposeful and unnecessary complexity.

    Indictment Proceedings: 19 CR 437; Paragraphs #17, 23, 26

    Trustee Objection Discharge; AP Case No. 19-01010: Paragraphs #30, 146, 153

    Adversary Proceedings (e.g.) Hilderbrand; AP Case No. 18-01035: Paragraphs #55, 76, 78

WHEREFORE, the Debtor/Defendant respectfully requests that the proceedings in the matter entitled Ferrara v. Wagner, AP No. 19-01010, be stayed pending further order of the Court.

> David W. Wagner
> By his attorneys,
>
> /s/RUSSELL D. RASKIN
> BC #1880
> RASKIN & BERMAN
> 116 East Manning Street
> Providence, RI 02906
> (401) 421-1363
> russell@raskinberman.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I electronically filed the within Motion for Stay of Proceedings with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

In re Ferrara v. Wagner (AP No. 19-01010):

- Joel J. Votolato   joel@gbdvlaw.com

In re Hilderbrand v. Wagner (AP No. 18-01043 and 18-01035), and
In re Wesley Holding Ltd v. Wagner (AP No. 18-01044):

- Matthew J. McGowan   mmcgowan@smsllaw.com, bsiter@smsllaw.com

In re Wesley Holding Ltd v. Wagner (AP No. 18-01036):

- Elizabeth A. Lonardo   elonardo@davidrosenlegal.com, amy@davidrosenlegal.com
- Matthew J. McGowan   mmcgowan@smsllaw.com, bsiter@smsllaw.com

In re Pila v. Wagner (AP No. 18-01042):

- Jeffrey C. Ankrom   jeffrey.ankrom@lockelord.com, jeffrey.ankrom@gmail.com;elizabeth.kula@lockelord.com;Autodocket@lockelord.com
- Joseph A. Farside   joseph.farside@lockelord.com,, elizabeth.kula@lockelord.com;laura.verdecchia@lockelord.com;Autodocket@lockelord.com

In re Hassman v. Wagner (AP No. 18-01041):

- Charles A. Pisaturo    Charlie@pisaturolaw.com, Jenn@pisaturolaw.necoxmail.com

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, or emailed, respectively, the document electronically filed with the court to the following non CM/ECF participants:

In re Bankruptcy Case No. 18-10071:

- Jeffrey C. Ankrom    jeffrey.ankrom@lockelord.com, jeffrey.ankrom@gmail.com;elizabeth.kula@lockelord.com;Autodocket@lockelord.com
- Gary L. Donahue    ustpregion01.pr.ecf@usdoj.gov
- Catherine V. Eastwood    bankruptcy@kordeassoc.com, ceastwood@kordeassociates.com
- Joseph A. Farside    joseph.farside@lockelord.com,, elizabeth.kula@lockelord.com;laura.verdecchia@lockelord.com;Autodocket@lockelord.com
- Stacy B. Ferrara    sferrara@ndgrb.com, RI11@ecfcbis.com;mlavin@ndgrb.com;sferraralaw@hotmail.com
- Peter J. Furness    peter@rhf-lawri.com, kristin@rhf-lawri.com;kristen@rhf-lawri.com
- Vincent A. Indeglia    vincent@indeglialaw.com, alisha@indeglialaw.com;Jeffrey.todd@indeglialaw.com;Jennifer.puchala@indeglialaw.com
- Lynda L. Laing    lynn@straussfactor.com, straussfactorlaw@cs.com
- Elizabeth A. Lonardo    elonardo@davidrosenlegal.com, amy@davidrosenlegal.com
- Matthew J. McGowan    mmcgowan@smsllaw.com, bsiter@smsllaw.com
- Charles A. Pisaturo    Charlie@pisaturolaw.com, Jenn@pisaturolaw.necoxmail.com
- Thomas P. Quinn    tquinn@mclaughlinquinn.com, mwoodside@mclaughlinquinn.com

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Glenn Haufler
8 Walnut Street
Acton, MA 01720

Henry Howard
1600 Ponce De Leon Blvd
Suite 1106
Coral Gables, FL 33134

Craig R. Jalbert
Verdolino & Lowey, P.C.

124 Washington Street
Foxboro, MA 02035

Ronald W. Page
82 Crestone Way
Castle Rock, CO 80108

Stephen G Post
129 Main Street
#1516
Stony Brook, NY 11790

State of RI - Division of Taxation
RI Division of Taxation
Bankruptcy Unit
One Capitol Hill
Providence, RI 02908-5800

Craig S. Tarasoff
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022
ctarasoff@liddlerobinson.com

In re Pila v. Wagner (AP No. 18-01042):

Craig S. Tarasoff
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022
ctarasoff@liddlerobinson.com

In re Securities and Exchange Commission v. David Wagner, et al: C.A. No. 19-civ.-5570, (D.C.S.D.N.Y).

Marc P. Berger
Lara Shalov Mehraban
Sandeep Satwalekar
Jorge G. Tenreiro
Christopher Dunnigan
New York Regional Office
SECURITIES AND EXCHANGE COMMISSION
200 Vesey Street, Suite 400
New York, New York 10281

In re United States v. David Wagner, 19 Cr. 437 (AKH) (S.D.N.Y.):

- Martin S. Cohen, Esquire    Martin_Cohen@fd.org

In re Massachusetts Securities Division, C.A. No E-2015-0171:

- Patrick M. Costello   patrick.costello@state.ma.us
- Bridget O'Sullivan    bridget.o'sullivan@state.ma.us

David W. Wagner
55 Downing Street
East Greenwich, RI 02818


/s/ESTHER RASKIN